U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 25 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MCBRIDE & COLLIER | CIVIL ACTION NO: 09-1995 |
| VERSUS | JUDGE DONALD E. WALTER |
| STEPHEN CALLAWAY | MAGISTRATE HORNSBY |

## O R D E R

Before the Court is a request for a Writ of Prohibition against Judge Stephen V. Callaway, United States Bankruptcy Court, Western District of Louisiana [Record Document 1] filed on behalf of Plaintiffs, McBride & Collier, Attorneys at Law. The Plaintiffs seek to enjoin the enforcement of two standing orders issued by Judge Callaway on November 30, 2009: 1) Standing Order Regarding Reimbursement of Fees or Expenses Advanced by Debtor Counsel from Chapter 13 Bankruptcy Estate for Chapter 13 Cases filed in the Shreveport and Monroe Divisions of the Western District of Louisiana and 2) Standing Order Regarding Utilization of A "No Look Fee with Sliding Scale" for Chapter 13 Cases Filed in the Shreveport and Monroe Divisions of the Western District of Louisiana.

### I.  BACKGROUND

On November 27 and 28, 2009, Bankruptcy Judge Callaway issued two standing orders for his court that purports to deny or reduce the reimbursement to attorneys who advance (1) filing fees, (2) credit report fees, and (3) credit counseling fees for debtors and implements a "No Look Fee with Sliding Scale" [Record Document 1-3 and 1-4]. Immediately following the issuance of those standing orders, the Plaintiffs filed a Writ of Prohibition with this Court [Record Document 1] to stay or enjoin the enforcement of the Standing Orders.

## II. LAW AND ANALYSIS

The Supreme Court has made it clear on multiple occasions that "equitable principles govern the exercise of bankruptcy jurisdiction." *Bank of Marin v. England*, 385 U.S. 99, 102, 87 S.Ct. 274, 277 (1966). Perhaps the strongest pronouncement of this came in *Young v. Higbee* in which the Court stated "Courts of bankruptcy are courts of equity and exercise all equitable powers unless prohibited by the Bankruptcy Act." 324 U.S. 204, 214, 65 S.Ct. 594, 599 (1945).

Turning to the Bankruptcy Code, when an individual prepares for bankruptcy they are required to go to a relief agency. The Bankruptcy Code lays out what must be told to a potential debtor by that relief agency. 11 U.S.C. § 527(b).

> A debt relief agency providing bankruptcy assistance to an assisted person *shall* provide each assisted person at the same time as the notices required under subsection (a)(1) the following statement, to the extent applicable, or one substantially similar . . . .

11 U.S.C. § 527(b)(emphasis added). This statement provides that "You [the debtor] will have to pay a filing fee to the bankruptcy court." *Id.* The Bankruptcy Code makes it clear that the filing fee is within in the province of the debtor. The Bankruptcy Code also allows the Bankruptcy Judge to award frees that are "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). The Code uses the language "may" thus invoking the sound discretion of the court. 11 U.S.C. § 330(a)(1).

Plaintiffs argue that Judge Callaway's Standing Order on the reimbursement of fees advanced by debtor counsel "is violative of Fifth Circuit jurisprudence and the overwhelming weight of authority that holds that filing fees are properly reimbursable to Debtor's Attorneys from the Bankruptcy Estate." [Record Document 1 at 7]. Plaintiffs then proceed to list one Fifth Circuit case and eight cases from outside of the Fifth Circuit.

The Fifth Circuit case cited is not binding precedent for the proposition that those fees are reimbursable. In *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1281 (5th Cir. 1983), the Fifth Circuit stated "the narrow issue before us arises in the context of a requirement of bankruptcy statute and rule that no attorney shall be employed for a bankruptcy estate . . . except upon order by the court and upon compliance with certain procedural formalities." The only mention of "filing fees" is in the recitation of expenses incurred. *Id.* at 1282.

As for the cases outside of the Fifth Circuit cited, they offer minimal analysis on the issue—just a statement that they are reimbursable. One case outside of the Fifth Circuit has held that filing fees are not reimbursable. *See In re George Worthington Co.*, 76 B.R. 605 (Bankr. N.D. Oh. 1987), *reversed on other grounds*, 921 F.2d 626 (6th Cir. 1990). As a result, the issue does not appear to be as settled as the Plaintiffs make it out to be.

Bankruptcy courts are given broad discretion within the Bankruptcy Code. As such with no binding Fifth Circuit precedent, it appears to this Court that Judge Callaway is well within his sound discretion to deny the reimbursement of filing fees, credit report fees and consumer counseling fees. Judge Callaway is guided by the equitable principles that are at the heart of the Bankruptcy Code and Courts. This standing order (reimbursement of filing fees, etc.) is not an action outside of the Bankruptcy Code. It is well within the established boundaries of his authority.

### III. CONCLUSION

Upon due consideration, this Court finds that the first standing order regarding the advancement of fees or other expenses is within the law. Therefore, **IT IS ORDERED** that Plaintiffs' request for a Writ of Prohibition to enjoin the enforcement of the Standing Order Regarding Reimbursement of Fees or Expenses Advanced by Debtor Counsel from Chapter 13 Bankruptcy Estate for Chapter 13 Cases filed in the Shreveport and Monroe Divisions of the Western

District of Louisiana [Record Document 1] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the second standing order (Standing Order Regarding Utilization of A "No Look Fee with Sliding Scale" for Chapter 13 Cases Filed in the Shreveport and Monroe Divisions of the Western District of Louisiana) remains under advisement by this Court.

**THUS DONE AND SIGNED**, this 25th day of January, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE